Birdie Amsterdam, J.
Charging unfair competition, plaintiff moves for a temporary injunction restraining the distribution by the defendant of its edition of “ Lady Chatterley’s Lover ” unless it is made clearly to appear thereon that it is not an *63 unexpurgated edition. It is unnecessary to recite here the very substantial public interest aroused in Lawrence’s renowned work by reason of the censorship of the moving picture version and the post-office ban of the original unexpurgated edition. Because defendant has noted on its paperback cover that its edition is “A complete reprint of the authorized American edition ” and upon the first page thereof that “ This book is a complete reprint of the authorized American edition approved by Lawrence himself and originally published by Alfred A. Knopf ”, plaintiff contends that the public is being deceived thereby into believing that defendant purveys the complete and original work, unexpurgated, and thus is cashing in to plaintiff’s detriment on a valuable asset fashioned by plaintiff’s great effort and expenditure in its successful contest to bring the unexpurgated work to the public.
It is not established, though intimated, that defendant’s current edition differs in any respect from the editions it has distributed for 13 years with considerable success, nor is it established that the present work in any way actually offends any Federal Trade Commission ruling* heretofore made. It is conceded that the original literary property is in the public domain save as other editions thereof are the subject of long-existing contractual rights. Any alleged approval given by Lawrence’s widow to plaintiff’s present effort has no legal effect. Indeed, it appears that no such approval was given. But, argues plaintiff, no approval was given by the author to any other edition. In fact, plaintiff urges that such approval was withheld, while defendant insists such approval was given. The proofs of each party in this connection, while not in legal and competent form, are otherwise equally potent and persuasive.
Plaintiff urges that the word ‘ ‘ complete ’ ’ in the phrase ‘ ‘ complete reprint ” means only that the defendant’s edition is complete. This would appear to be true only to the extent that the reprint is complete, but in addition thereto the phrase may not be disassociated from the additional words, “ of the authorized American edition ’ ’.
It must be obvious that the present controversy and the antecedent controversies had to do with various and differing editions. The defendant’s edition has not newly arisen as a competitor upon the scene, with its attendant facts and circumstances newly created by plaintiff’s valiant contest to present to the public the original work. It had and it has a long-vested right of which it cannot be ousted merely because plaintiff has acquired or has exploited the advantages of distribution of the complete original work. Whether defendant’s edition is what *64 it is represented to be, must be determined at the trial. That it is not, is certainly not now established to any degree.
An additional reason for denial of temporary injunctive relief is the lack of showing of irreparable or unascertainable damage. If it be established finally that defendant is guilty of unfair competition, the damage is easily ascertainable.
The motion is denied.